UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN D. WHITE,

    Petitioner,

    v.                      CAUSE NO. 3:20-CV-276-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Kevin D. White, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-11-34) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of using a deadly weapon in violation of Indiana Department of Correction Offense 106 and sanctioned him with a loss of ninety days earned credit time and a demotion in credit class.

Mr. White argues that he is entitled to habeas relief because the hearing officer didn't have enough evidence to support a finding of guilt. He contends that the administrative record contains no evidence that he stabbed anyone.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represented that he identified Mr. White stabbing another inmate on a video surveillance recording and that he found a sweatshirt with blood on the sleeve in Mr. White's cell. ECF 18-1. It also includes a video surveillance recording consistent with the conduct report and a photograph of the sweatshirt with blood on a sleeve. ECF 18-2; ECF 25. The conduct report, the video surveillance recording, and the photographic evidence constitute some evidence that Mr. White committed the offense of using a deadly weapon. The claim that the hearing officer didn't have sufficient evidence to find Mr. White guilty of using a deadly weapon is not a basis for habeas relief.

Mr. White argues that he is entitled to habeas relief because correctional staff violated departmental policy by allowing the reviewer of the video surveillance recording write the conduct report and by conducting a search of his cell without proper documentation. The failure to follow departmental policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). These claims aren't a basis for habeas relief.

Mr. White argues that he is entitled to habeas relief because the administrative doesn't support the sanction of two hundred thousand dollars in restitution. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254."

<u>Washington v. Smith</u>, 564 F.3d 1350, 1351 (7th Cir. 2009). Because this argument doesn't relate to the fact or duration of Mr. White's incarceration, the court can't grant him habeas relief on this basis.

Because Mr. White hasn't demonstrated that he is entitled to habeas relief, the habeas petition is denied. Mr. White doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. <u>See Evans v. Circuit Court</u>, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds under 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kevin D. White leave to proceed in forma pauperis on appeal.

SO ORDERED on June 1, 2021

s/ Robert L. Miller, Jr.<br>JUDGE<br>UNITED STATES DISTRICT COURT